```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

```
MARK ALLEN JUSTICE,              §
TDCJ-CID NO. 637339,             §
                                 §
          Petitioner,            §
                                 §   CIVIL ACTION NO. H-08-0483
v.                               §
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Mark Allen Justice, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a 1992 felony conviction. The court notified Justice that records indicate that his petition has been filed more than one year after his conviction became final. Having reviewed the petition, available state records, and Justice's response (Docket Entry No. 7) to the court's Order to show cause, the court concludes that Justice's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

**I.  Procedural History and Claims**

Justice was charged with aggravated assault of a peace officer. After entering a plea of not guilty, Justice was found guilty on September 21, 1992, and his appeal was affirmed on July 15, 1993. Justice v. State, No. 01-92-01207-CR (Tex. App. --

Hous. [1st Dist.] July 15, 1993).  No petition for discretionary review was filed.[1]  Although Justice indicates that a petition for certiorari was filed with the United States Supreme Court (Docket Entry No. 7 at 3), there is no record of one being filed.[2]

Justice filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  The application was forwarded to the Texas Court of Criminal Appeals, which denied relief without a written order on June 22, 1994.  Ex parte Justice, No. 26,144-02.  See Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.  A second state application was filed and subsequently dismissed on July 20, 1994.  Ex parte Justice, No. 26,144-04.  See Court of Criminal Appeals Website.  The pending federal petition for a writ of habeas corpus is considered filed on February 3, 2008, the date written on Justice's original handwritten pleading.  Docket Entry No. 1 at 1; Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

## II.  One-Year Statute of Limitations

Justice's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the

---

[1] Justice indicates in his amended petition that a petition for discretionary review was filed. Docket Entry No. 7 at 3. However, the cause number given is for a state application for a writ of habeas corpus. Id.

[2] Although Justice filled in the area for Supreme Court certiorari petitions, he inconsistently declares that he filed another habeas corpus petition.

time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

As stated above, Justice's conviction was affirmed on July 15, 1993, and no further action was taken on direct review.  Therefore, the conviction became final on August 14, 1993, the last day he could have filed a petition for discretionary review.  TEX. R. APP. 202(b) (West 1993).  See also Roberts v. Cockrell, 319 F.3d 690, 693-94 (5th Cir. 2003).

Pursuant to the terms of the AEDPA, Justice had one year from August 14, 1993, to file a federal habeas petition.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  In the alternative, Justice needed to file a state habeas application within the one-year period in order to toll it.  Flanagan, 154 F.3d at 199 n.1. Because his conviction became final before the AEDPA was enacted, Justice is entitled to a one-year grace period (April 24, 1996, to April 23, 1997) in which to challenge his conviction in a federal habeas action.  See Flanagan, 154 F.3d at 200 n.2.  If Justice had filed any state applications during the grace interval, they would toll the running of that limitations period.  See Fields v. Johnson, 159 F.3d 914, 915 (5th Cir. 1998).  However, since his final state habeas application was denied on July 20, 1994, before the enactment of the AEDPA, his state habeas applications did not toll the grace period.  In his amended petition (Docket Entry No. 7 at 3) Justice alludes to a state post-conviction application for a writ of mandamus, No. 26,144-06, which was filed on January 17, 2006, and denied on February 17, 2006.  The court verified that

-4-

such an application had been filed, along with two others; however, Justice's mandamus applications did not toll the one-year limitations period under the AEDPA.  Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).

Justice's federal petition for a writ of habeas corpus was filed February 3, 2008, more than fourteen years after his conviction became final and more than ten years after the expiration of the AEDPA grace period.  Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A).  There is no indication that Justice was subject to any state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).  Therefore, this habeas action is subject to dismissal because it is untimely.

### III.  Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Justice has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

## IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The petition for a writ of habeas corpus (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 8) is **DENIED** because the attached

> Inmate Trust Fund history indicates that Justice has sufficient funds to pay the filing fee.

3.  A Certificate of Appealability is **DENIED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 28th day of May, 2008.

                                    SIM LAKE
                           UNITED STATES DISTRICT JUDGE